FILED

2011 Mar-14  PM 12:46
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CURTIS J. COLLINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.** |
| **vs.** ) | |
| ) | _____ |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.;** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Experian Information Solutions, Inc. ("Experian") hereby files its Notice of Removal of the above-captioned action to this Court and states as follows:

1.     Experian is a named Defendant in Civil Action No. 01-CV-2011-900419 filed in the Circuit Court of Jefferson County, Alabama (the "State Court Action").[1]

2.     The original Complaint in the State Court Action was filed with the Clerk of the Circuit Court of Jefferson County, Alabama, on February 5, 2011. Defendant Experian was served with the Complaint on February 10, 2011.

---

[1] Equable Ascent Financial, LLC ("Equable") was initially also a named Defendant in the State Court Action but was dismissed with prejudice on this date, March 11, 2011. *See* Exhibit "A."

3.      This Notice is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4.      A true and correct copy of "all process, pleadings, and orders" filed to date in the State Court Action is attached hereto as Exhibit A.  No other process, pleadings, or orders have been served upon Experian to date in this case.

5.      Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.  Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

6.      One of the claims for relief against Experian, alleged in the State Court Action, arises under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u.  *See* Complaint, Count II.  Thus, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and  15 U.S.C. § 1681p.  The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a) and (b).

7.      Plaintiff also purports to assert claims against Experian for violation of Alabama state law, specifically (1) negligent, reckless, wanton, malicious and/or intentional conduct; and (2) negligence in hiring, supervising and/or training. *See* Complaint, Counts V and VI.   This Court has supplemental jurisdiction over Plaintiff's state law claims.   Those claims, like Plaintiff's federal question claims, arise from the same set of operative facts relating to the alleged wrongful conduct. *See id.*   Accordingly, each of those claims is related to Plaintiff's federal question claims and form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

8.      Promptly after the filing of this Notice of Removal, Experian shall provide notice of the removal to Plaintiff through his attorney of record in the State Court Action and to the Clerk of the Court in the State Court action, as required by 28 U.S.C. § 1446(d).

Dated:        March 11, 2011                    Respectfully submitted,


                                                _____
                                                L. Jackson Young, Jr. (ASB-7946-G65L)
                                                FERGUSON FROST & DODSON, LLP
                                                2500 Acton Road, Suite 200
                                                Birmingham, Alabama  35243
                                                ljy@ffdlaw.com
                                                Telephone:  (205) 879-8722
                                                Facsimile:  (205) 879-8831

                                                *Attorney for Defendant*
                                                *Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2011, I caused the foregoing to be served via U.S. Mail with appropriate postage attached thereto to counsel of record.

L. Jackson Young, Jr.

## SERVICE LIST

Wesley L. Phillips (PHI053)
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama  35213-0488
wlp@wphillipslaw.com
Telephone:  (205) 383-3585
Facsimile:  (800) 536-0385

*Attorney for Plaintiff*

# EXHIBIT "A"

# ALABAMA SJIS CASE DETAIL

**DODSON**

**PREPARED FOR: AMY KNOWLES**

County: **01**    Case Number: **CV-2011-900419.00**    Court Action:

alacourt.com    Style: **CUTIS J COLLINS V. EQUABLE ASCENT FINANCIAL, LLC ET AL**

REAL TIME

## Case

### Case Information

| | |
|---|---|
| County: | JEFFERSON - BIRMINGHAM |
| Case Number: | CV-2011-900419.00 |
| Judge ID: | -TK:TOM KING, JR. |
| Trial: | Jury |
| Style: | CUTIS J COLLINS V. EQUABLE ASCENT FINANCIAL, LLC ET AL |
| Filed: | 02/05/2011 |

### Case Type

| | |
|---|---|
| Code: | CVXX |
| Type: | OTHER CV CASE |
| Track | |
| Status: | A:ACTIVE |
| No of Plaintiffs: | 001 |
| No of Defendants: | 002 |

### Court Action

| | |
|---|---|
| Disposition JudgeID: | |
| Court Action: | |
| Judgment For: | |
| Trial days: | 0 |
| Lien: | 0 |

### Damages

| | |
|---|---|
| Amount: | $0.00 |
| Compensatory: | $0.00 |
| Punitive: | $0.00 |
| General: | $0.00 |
| None: | |

### Other Actions

| | | | |
|---|---|---|---|
| Continuance Date: | | # of Previous Continuances 0000 | Why: |
| Revised Judgment Date: | | Admin Date: 0000 | Why: |
| Appeal Date: | | Court: | Case: |
| Date Trial Began but No Verdict (TBNV1): | 00000000 | | Date Trial Began but No Verdict (TBNV2): |
| Disposition Date: | | | Disposition Type: |

### Comments

Comment 1:

Comment 2:

## Settings

### Court Dates

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | | 000 | 00:00 | - |
| 2: | | 000 | 00:00 | - |
| 3: | | 000 | 00:00 | - |
| 4: | | 000 | 00:00 | - |

## Party 1 - C 001 - COLLINS CUTIS J

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | C 001 | Name: | COLLINS CUTIS J | | Type: | I:Individual |
| Index: | Y | Alt Name: | | | Judge ID: | -TK |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: |
| Address 1: | 812 SEVEN SPRINGS DRIVE | | | Address 2: | | |
| Phone: | (205) 000-0000 | City: | BIRMINGHAM | State: | AL | Zip: 35215-0000 | Country: US |
| Dock: | | Notice: | | Entered: | | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | | Type: | ReIssue: | | Type: |
| Return: | | Type: | Return: | | Type: |
| Service: | | Type: | Service On: | | By: |

| Answer: | Type: | NS Not: | NA Not: |
|---|---|---|---|
| Warrant | Type: | Arrest: | |

## Court Action

| Court action: | Date: | For | Exempt: |
|---|---|---|---|
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

## Attorneys

| Attorney 1: PHI053 | Name: PHILLIPS WESLEY LEVON | City: BIRMINGHAM | State: AL |
|---|---|---|---|
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

### Party 2 - D 001 - EQUABLE ASCENT FINANCIAL, LLC

## Party Information

| Party: | D 001 | Name: | EQUABLE ASCENT FINANCIAL, LLC | | Type: | B:Business |
|---|---|---|---|---|---|---|
| Index: | Y | Alt Name: | | | Judge ID: | -TK |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: |
| Address 1: | 150 S. PERRY STREET | | | Address 2: | | |
| Phone: | (205) 000-0000 | City: MONTGOMERY | | State: AL | Zip: 36104-0000 | Country: US |
| Dock: | | Notice: | | Entered: | | |

## Service Information

| Issued: 02/05/2011 | Type: C:Certified mail | ReIssue: | Type: |
|---|---|---|---|
| Return: | Type: | Return: | Type: |
| Service: 02/10/2011 | Type: C:Certified Mail | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

## Court Action

| Court action: | Date: | For | Exempt: |
|---|---|---|---|
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

## Attorneys

| Attorney 1: 000000 | Name: ProSe | City: | State: AL |
|---|---|---|---|
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

### Party 3 - D 002 - EXPERIAN INFORMATION SOLUTIONS, INC.

## Party Information

| Party: | D 002 | Name: | EXPERIAN INFORMATION SOLUTIONS, INC. | | Type: | B:Business |
|---|---|---|---|---|---|---|
| Index: | Y | Alt Name: | | | Judge ID: | -TK |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: |
| Address 1: | 2 NORTH JACKSON STREET | | | Address 2: SUITE 605 | | |
| Phone: | (205) 000-0000 | City: MONTGOMERY | | State: AL | Zip: 36104-0000 | Country: US |
| Dock: | | Notice: | | Entered: | | |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: 02/05/2011 | Type: C:Certified mail | ReIssue: | | Type: |
| Return: | Type: | Return: | | Type: |
| Service: 02/10/2011 | Type: C:Certified Mail | Service On: | | By: |
| Answer: | Type: | NS Not: | | NA Not: |
| Warrant | Type: | Arrest: | | |

## Court Action

| | | | |
|---|---|---|---|
| Court action: | Date: | For: | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

## Attorneys

| | | | | |
|---|---|---|---|---|
| Attorney 1: 000000 | Name: ProSe | | City: | State: AL |
| Attorney 2: | Name: | | City: | State: |
| Attorney 3: | Name: | | City: | State: |
| Attorney 4: | Name: | | City: | State: |
| Attorney 5: | Name: | | City: | State: |
| Attorney 6: | Name: | | City: | State: |

## Financial

### Fee Sheet

| PR: | NO | Acct | Status | Checks | AdminFe | From | For | To | Total Due | Amt Paid | Balance | Hold Amt | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | AOCC | A | A | N | C001 | 000 | 000 | $14.00 | $14.00 | $0.00 | | 0 |
| | | CV05 | A | A | N | C001 | 000 | 000 | $306.00 | $306.00 | $0.00 | | 0 |
| | | JDMD | A | A | N | C001 | 000 | 000 | $100.00 | $100.00 | $0.00 | | 0 |
| | | | | | | | | TOTAL: | $420.00 | $420.00 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Transaction Type | Disb Acct | Payment From/To | Batch | Check or Receipt # | Amount | Fee | Money Type | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|
| 02/10/2011 | R:RECEIPT | | AOCC | 2011091 | 49368200 | $14.00 | N | K | | TIS |
| 02/10/2011 | R:RECEIPT | | CV05 | 2011091 | 49368300 | $306.00 | N | K | | TIS |
| 02/10/2011 | R:RECEIPT | | JDMD | 2011091 | 49368400 | $100.00 | N | K | | TIS |
| 02/10/2011 | Z:FEE ADDED | | AOCC | | 00000000 | $14.00 | N | O | | TIS |
| 02/10/2011 | Z:FEE ADDED | | CV05 | | 00000000 | $306.00 | N | O | | TIS |
| 02/10/2011 | Z:FEE ADDED | | JDMD | | 00000000 | $100.00 | N | O | | TIS |

## SJIS Witness List

| Served | Ser. Type Prt | Name | Type | Party | Issued | Iss. Type | Request |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## Case Action Summary - 01CV201190041900

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 02/05/2011 | 2:28:47 | EFILE | COMPLAINT E-FILED. | PHI053 |
| 02/05/2011 | 2:29:45 | FILE | FILED THIS DATE: 02/05/2011          (AV01) | AJA |
| 02/05/2011 | 2:29:46 | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 02/05/2011 | 2:29:47 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 02/05/2011 | 2:29:48 | ASSJ | ASSIGNED TO JUDGE: TOM KING, JR.          (AV01) | AJA |
| 02/05/2011 | 2:29:49 | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 02/05/2011 | 2:29:50 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 02/05/2011 | 2:29:51 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 02/05/2011 | 2:29:52 | C001 | C001 PARTY ADDED: COLLINS CUTIS J          (AV02) | AJA |
| 02/05/2011 | 2:29:53 | ATTY | LISTED AS ATTORNEY FOR C001: PHILLIPS WESLEY LEVO | AJA |

| 02/05/2011 | 2:29:54 | EORD | C001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
|---|---|---|---|---|
| 02/05/2011 | 2:29:55 | EFILE | COMPLAINT - SUMMONS | |
| 02/05/2011 | 2:29:58 | D001 | D001 PARTY ADDED: EQUABLE ASCENT FINANCIAL, LLC | AJA |
| 02/05/2011 | 2:29:59 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 02/05/2011 | 2:30:00 | SUMM | CERTIFIED MAI ISSUED: 02/05/2011 TO D001   (AV02) | AJA |
| 02/05/2011 | 2:30:01 | EORD | D001 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 02/05/2011 | 2:30:03 | D002 | D002 PARTY ADDED: EXPERIAN INFORMATION SOLUTIONS, | AJA |
| 02/05/2011 | 2:30:04 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE       (AV02) | AJA |
| 02/05/2011 | 2:30:05 | SUMM | CERTIFIED MAI ISSUED: 02/05/2011 TO D002        (AV02) | AJA |
| 02/05/2011 | 2:30:06 | EORD | D002 E-ORDER FLAG SET TO "N"        (AV02) | AJA |
| 02/08/2011 | 12:00:00 | ---- | SCANNED - NOTICE - TO CLERK CERTIFIED MAIL #7008 D001 | |
| 02/08/2011 | 12:00:00 | ---- | SCANNED - NOTICE - TO CLERK CERTIFIED MAIL #7015 D002 | |
| 02/10/2011 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - ON EQUABLE ASCENT FINACIAL LLC/ SIGNED BY JAMES BELLAMY | |
| 02/10/2011 | 12:00:00 | ---- | SCANNED - RETURN OF SERVICE - ON EXPERIAN INFORMATION SOLUTIONS INC | |
| 02/16/2011 | 11:11:40 | SERC | SERVICE OF CERTIFIED MAI ON 02/10/2011 FOR D002 | ALW |
| 02/16/2011 | 1:15:03 | SERC | SERVICE OF CERTIFIED MAI ON 02/10/2011 FOR D001 | ALW |
| 03/11/2011 | 10:34:08 | EMOT | C001-PLTFF'S MOTN TO DIS. FILED. | PHI053 |
| 03/11/2011 | 10:52:02 | EMOT | C001-PLTFF'S MOTN TO DIS. /DOCKETED | ZEC |

 *END OF THE REPORT*



ELECTRONICALLY FILED
2/5/2011 2:28 PM
CV-2011-900419.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **CURTIS J. COLLINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **Case No.:** _____ |
| ) | |
| **EQUABLE ASCENT FINANCIAL, LLC;** ) | |
| **and EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.;** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and states his

Complaint against the Defendants as follows:

### PARTIES

1.     Plaintiff Curtis J. Collins is a resident of Jefferson County, over 19 years of age,

and is competent to bring this action.

2.     Defendant Equable Ascent Financial, LLC (hereinafter "Equable") is registered in

Delaware with its principal place of business located in Buffalo Grove, Illinois and was doing

business in Jefferson County, Alabama at all times material to this Complaint.  Equable acted as a

debt collector and debt buyer throughout the United States including Jefferson County, Alabama at

all times material to this Complaint.

3.     Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an

Ohio corporation with its principal place of business located in Orange, California and was doing

business in Jefferson County, Alabama at all times material to this Complaint.

4.      Jurisdiction is proper in the Circuit Court of Jefferson County, Alabama. Plaintiff is a resident of Jefferson County, and all of, or substantially all of, the wrongs complained of occurred in Jefferson County. The matter in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount required by the Circuit Court of Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

5.      In April, 2009, Defendant Equable sued Plaintiff in the Small Claims Court of Jefferson County, Alabama, with a case number of SM-10-2973. In this suit, Defendant Equable asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted the amount owed was $2193.28.

6.      Plaintiff answered the Complaint with a denial of Equable's claims, and the trial of lawsuit numbered SM-10-2973 occurred on or about July 26, 2010.

7.      On June 26, 2010, The Honorable John E. Amari, District Judge for Jefferson County, entered an Order finding for Mr. Collins and against Equable in case number SM-10-2973.

8.      The verdict entered in favor of Plaintiff Curtis Collins and against Defendant Equable by the Court was a final adjudication on the merits.

9.       Defendant Equable did not appeal within the time allowed, thus, making the judgment a final judgment from which an appeal no longer lies.

10.     Defendant Equable is not the owner of this alleged debt.

11.     Defendant Equable reported to the credit reporting agencies that Plaintiff owed this money and was in default.

12.     Plaintiff did not owe this money to Defendant Equable.

13.     The debt being collected is a "consumer debt" as defined by the FDCPA.

14.    Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

15.    Defendant Equable is a "debt collector" as defined by the FDCPA.

16.    After the dismissal with prejudice by the Small Claims Division of the Jefferson County District Court, Plaintiff sent a letter to Defendant Experian requesting an investigation and/or reinvestigation of the account that still appeared on Plaintiff's credit reports with regard to Equable.

17.    Plaintiff requested the account be deleted, as Plaintiff did not owe said account.

18.    Plaintiff requested Defendant Experian to contact the Defendant Equable's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from her credit reports.

19.    No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

20.    In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

21.    Defendant Experian notified Defendant Equable in accordance with the FCRA of the dispute by the Plaintiff.

22.    Alternatively, Defendant Experian did not properly notify Defendant Equable and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Equable. This includes notification that Plaintiff won the lawsuit in the District Court.

23.    All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

24.    On August 9, 2010, Defendant Experian responded to Plaintiff's request for an investigation of his credit file with regard to the Equable account and Defendant Experian failed and

refused to perform an investigation and/or reinvestigation claiming Mr. Collins was not who he said he was and asserting Mr. Collin's request to investigate as "a suspicious request taht we have determined was not sent by you." Although this was nothing more than an obvious delay tactic on the part of Experian, Plaintiff provided Experian with a copy of his driver's license and social security card and re-disputed the Equable trade line.

25. On September 9, 2010, Defendant Experian issued the result of its investigation and reinvestigation after Plaintiff having had to twice request it to investigate and/or reinvestigate this account, Confirmation report number 2552-3310-67 verifying the Defendant Equable account and refusing to delete said account although Plaintiff provided Defendant Experian the proper information to show said account was not properly placed in or on her credit report, record, and/or file. The report Defendant Experian issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants Experoian and/or Equable following the entering of judgment against Defendant Equable in the District Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

26. All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Equable through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

27. Defendant Experian has proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

28. For example, had Plaintiff not answered the Small Claims suit and a default judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Experian

would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

29.     Defendant Experian, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff prevailed at trial on the merits.

30.     The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant Equable; and the District Court's ruling was a final judgment.

31.     The dismissal with prejudice was not appealed to the Jefferson County Circuit Court, and there is no avenue for appeal for Defendant Equable of this judgment as the time to appeal has long since passed.

32.     Despite this knowledge, Defendant Experian has completely abdicated its obligations under federal and state law and has instead chosen to merely "parrot" whatever the customer, Defendant Equable, has told it to say.

33.     Defendant Experian has a policy to favor the paying customer, in this situation Defendant Equable, rather than what the consumer or even a court says about a debt.

34.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

35.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

36.     Defendant Equable has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Equable knows no balance is owed.

37.     Defendant Equable promises through its subscriber agreements or contracts to accurately update accounts but Defendant Equable has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

38.     Defendant Equable had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

39.     Defendant Equable has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.  In this matter, Defendants Equable and Experians' failure to remove Plaintiff's account was precisely "parking" of an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

40.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

41.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

42.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

43.     At all relevant times the Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

44.     Defendant Equable  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

45.     Defendant Equable has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

46.     Defendant Experian has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

47.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future

mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

48.     It is a practice of Defendant Equable to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

49.     It is a practice of Defendant Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

50.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

51.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

52.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

53.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

54.     Defendant Equable violated the FDCPA in numerous ways, including, but

not limited to the following:

    a.    Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money;

    b.    Suing the Plaintiff when there was no basis to do so;

    c.    Continuing to assert the suit in state court when Defendant Equable knew, or should have known, there was no basis for doing so;

    d.    Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

    e.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Equable is not entitled to collect upon.

55.    The violations of the FDCPA by the Defendant Equable are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant Equable's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Equable for statutory, actual, compensatory and/or punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact plus attorneys' fees, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

56.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

57.     Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C.

§1681a(f).

58.     Defendant Equable is an entity who, regularly and in the course of business,

furnishes information to one or more consumer reporting agencies about its transactions or

experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. §

1681s-2.

59.     Plaintiff notified Defendant Experian directly of a dispute on the Defendant

Equable's account's completeness and/or accuracy, as reported.

60.     The credit reporting agency, Defendant Experian, failed to delete inaccurate

information, reinserted the information without following the FCRA, failed to properly investigate

and/or reinvestigate Plaintiff's disputes, and failed to provide Plaintiff a proper report of the results

of its investigation and/or reinvestigation.

61.     Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and

failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with

regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

62.     Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful

investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of

15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but

apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Equable and/or other proper and reasonable measures. Further, Defendant Experian failed to provide a proper consumer disclosure as required by 15 U.S.C. § 1681i(a)(6).

63.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

64.     Defendants Experian and/or Equables' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equable and/or Experian, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact plus attorneys' fees, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

65.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66.     Defendant Equable published false information about Plaintiff by reporting to one

or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

67.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

68.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

69.     Plaintiff has been damaged as a proximate result of Defendant Equable's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Equable for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

### INVASION OF PRIVACY

70.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

71.     Defendant Equable recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this

Complaint.

72.     Plaintiff has been damaged as a proximate result of Defendant Equable's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Equable for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

73.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74.     Defendant Equable has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

75.     Defendant Equable has agreed to follow and understands it must follow the requirements of the FCRA.

76.     Defendant Equable has a duty under Alabama law to act reasonably under the circumstances.

77.     Defendant Equable has violated this duty under Alabama law by failing to

accurately report Plaintiff's account to the credit reporting agencies.

78.     Defendant Equable violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

79.     Defendant Experian violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

80.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Experian, and/or Equable, jointly and severally, for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VI

## NEGLIGENCE IN HIRING, SUPERVISING, AND/OR TRAINING

81.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

82.     Defendants Experian and/or Equable were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

83.    The employees and/or agents of these Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

84.    The negligent or wanton conduct of those employees and/or agents of all Defendants, including the fictitious party Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

85.    Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Experian, and/or Equable, jointly and severally, for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

_s/Wesley L. Phillips_____
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**


                                    s/Wesley L. Phillips
                                    OF COUNSEL


Plaintiff's Address:
812 Seven Springs Drive
Birmingham, Alabama 35215


**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**


Equable Ascent Financial, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
2/5/2011 2:28 PM
CV-2011-900419.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **CURTIS J. COLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **EQUABLE ASCENT FINANCIAL, LLC;** | ) | |
| **and EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT EQUABLE ASCENT FINANCIAL, LLC

COMES NOW Plaintiff Curtis Collins, by and through his undersigned counsel, and hereby requests that Defendant Equable Ascent Financial, LLC (hereinafter, collectively, "you," "your," and/or "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the interrogatories or in Defendant's responses thereto or that this Defendant state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

## I.    INTERROGATORIES:

1.    State whether this Defendant's name correctly is stated in the complaint filed in this case. If not, state the correct way this defendant should be designated as a party defendant in

the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

      a.      State the address of all business locations of this Defendant;

      b.      Describe   the   nature   of   this   Defendant's   business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

      (a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.      Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.      State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your database and that such information is accurately reported to the credit reporting agencies, including Equifax, Experian, and Trans Union.

**RESPONSE:**

6.      For each request for admission to which you did not give an unqualified



"admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

**RESPONSE:**

7.      Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8.      What is your policy and procedure for pulling credit reports? Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9.      Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**


11.     State how many credit reports of consumers in Alabama you pulled in 2008 and how many you pulled in 2009.

**RESPONSE:**


12.     For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**


13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


14.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

## II.     PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.     Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.     Admit or deny you told Experian that Plaintiff had given you permission to pull her reports.

**RESPONSE:**

3.     Admit or deny that you knew that pulling Plaintiff's credit reports would adversely affect Plaintiff's credit worthiness.

**RESPONSE:**


## III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the other defendants which regarded or in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.     Produce all documents that reference, relate, and/or refer in any way to the Plaintiff.

3.     Produce all documents evidencing, relating, referencing, involving and/or constituting communications between you and Plaintiff or anyone acting on or purporting to act on Plaintiff's behalf.

4.     Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of

the years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

   5.     Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

   6.     Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

   7.     Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

   8.     Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

   9.     Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

   10.    Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better

Business Bureau.

     11.     Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiff or any of Plaintiff's accounts.

     12.     Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.


                       s/Wesley L. Phillips
                       Wesley L. Phillips (PHI053)
                       Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213
(205) 383-3585 - voice
(800) 536-0385 - facsimile


**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**

ELECTRONICALLY FILED
2/5/2011 2:28 PM
CV-2011-900419.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **CURTIS J. COLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **EQUABLE ASCENT FINANCIAL, LLC;** | ) | |
| **and EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

COMES NOW Plaintiff Curtis Collins, by and through his undersigned counsel, and hereby requests that Defendant Experian Information Solutions, Inc. (hereinafter, collectively, "you," "your," and/or "these Defendants") answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests Defendant to attach a copy of each and every document referred to in any of the interrogatories or in Defendant's responses thereto or that Defendant states the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

## I.   INTERROGATORIES:

1.      State whether this Defendant's name correctly is stated in the complaint filed in this case. If not, state the correct way this defendant should be designated as a party defendant in

the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a.      State the address of all business locations of this Defendant;

b.      Describe the nature of this Defendant's business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the

characterization in subpart (a) above, please describe the nature of their involvement in

this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.      Identify all correspondence or documents that refer or relate to any

correspondence or communication between you and any other defendant in this action, as well as

any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts,

events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or

defenses thereto.

**RESPONSE:**

5.      Please state whether you received any requests from Defendant Equable Ascent

Financial LLC related to pulling Plaintiff's credit reports in connection with your response,

please identify the dates of such requests, the manner of the requests, the identifying data

connected with the requests, and explain and describe the reasons you allowed Defendant

Equable Ascent Financial LLC to have access to Plaintiff's credit reports.

**RESPONSE:**

6.      State your policies and procedures and identify the name or title of said policy and

procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your consumer

credit database and consumer reports you issued and to ensure credit pulls are only allowed when

the company desiring to make the pull has a permissible reason.

**RESPONSE:**

7.      If any document that is or would have been responsive to Plaintiff's Requests for

Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the

document, state the date of and reason for its destruction, and identify all persons having

knowledge of its contents and/or the reason for its destruction.

**RESPONSE:**

8.      Identify all documents in your possession that you claim are privileged,

identifying the types of documents, dates of documents, subject matter of the documents, authors

and recipients of the documents, and the applicable privilege.

**RESPONSE:**

9.      If any document responsive to Plaintiff's Request for Production of Documents to

you is withheld from production, identify each such document by date, title, subject matter,

length and the request to which it is potentially responsive and state the reason for withholding

production, and identify each person to whom the document was sent, shown, or made

accessible, or to whom it was explained.

**RESPONSE:**

10.    Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE:**

11.    If your answer to any Request for Admission is anything other than an unqualified "Admit," explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

**RESPONSE:**

12.    State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**

13.    State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**

14.     State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**

15.     State whether, in the past ten years, you have been named a party defendant in any other lawsuit  involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**

16.     State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

b) A description of the nature of each such action; and

c) The result of each such action whether there was an appeal, and the result of the

appeal, and whether such case was reported and the name, volume number, and page citation of the report.

**RESPONSE:**


17.    State and fully describe the maintenance of all procedures utilized by you to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding this Defendant's compliance or noncompliance with the FCRA.

**RESPONSE:**


18.    State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**


**II.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.    Admit or deny that you followed all policies and procedures for allowing Defendant Equable Ascent Financial LLC to pull Plaintiff's credit reports.

**RESPONSE:**

2.    Admit or deny you intended that other persons or entities would see the credit pulls by Defendant Equable Ascent Financial LLC if such other persons or entities reviewed Plaintiff's credit report maintained by you.

**RESPONSE:**

3.      Admit or deny the credit pulls by Defendant Equable Ascent Financial LLC do not improve Plaintiff's credit history.

**RESPONSE:**

4.      Admit or deny the credit pulls by Defendant Equable Ascent Financial LLC  lower Plaintiff's credit score using your credit scoring formula.

**RESPONSE:**

5.      Admit or deny you have not yet deleted the inquiries of Equable Ascent Financial LLC from Plaintiff's credit reports.

**RESPONSE:**

6.      Admit or deny that as of the date this lawsuit was filed you had not yet deleted the inquiries of Equable Ascent Financial LLC from Plaintiff's credit reports.

**RESPONSE:**

7.      Admit or deny the Plaintiff does not have a choice on whether you will maintain a credit report on him.

**RESPONSE:**

**III.     REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Please produce all documents evidencing, relating to, and/or involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.      Produce each and every document that refers to the plaintiff.

3.      Please produce all documents evidencing, relating to, and/or involving or

constituting communications between you and the plaintiff or anyone acting on or purporting to act on the plaintiff's behalf.

4.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

5.      Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

6.      Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning  your subscriber relationships with all other defendants.

7.      Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

8.      Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9.      Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

10.     Please produce all documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this

lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

      11.    Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

      12.    Please produce all documents in your custody, control, or possession evidencing, relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of Plaintiff's accounts.

      13.    Please produce any and all documents identified, relied upon, and/or referred to by you in your responses to Plaintiff's interrogatories.

 

                                 _s/Wesley L. Phillips_____
                                 Wesley L. Phillips (PHI053)
                                 Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,  Alabama 35213
(205) 383-3585 - voice
(800) 536-0385 - facsimile

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**

ELECTRONICALLY FILED
2/5/2011 2:28 PM
CV-2011-900419.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **CURTIS J. COLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **EQUABLE ASCENT FINANCIAL, LLC;** | ) | |
| **and EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>SUMMONS</u>

      This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Equable Ascent Financial, LLC**
                         **c/o CSC Lawyers Incorporating Service, Inc.**
                         **150 S. Perry Street**
                         **Montgomery, Alabama 36104**

      The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to PHILLIPS LAW GROUP, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

 

                                  _____
                                  Clerk of Court

Dated: _____

ELECTRONICALLY FILED
2/5/2011 2:28 PM
CV-2011-900419.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **CURTIS J. COLLINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **Case No.:** _____ |
| ) | |
| **EQUABLE ASCENT FINANCIAL, LLC;** ) | |
| **and EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.;** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **Experian Information Solutions, Inc.
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to PHILLIPS LAW GROUP, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

_____
Clerk of Court

Dated: _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2011-900419.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL

NOTICE TO    EQUABLE ASCENT FINANCIAL, LLC, 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CUTIS J COLLINS
   pursuant to the Alabama Rules of the Civil Procedure

| 2/5/2011 2:28:46 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s WESLEY L PHILLIPS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date        Server's Signature

| State of Alabama<br><br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2011-900419.00 |
| --- | --- | --- |

IN THE CIVIL COURT OF JEFFERSON, ALABAMA

CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL

NOTICE TO    EXPERIAN INFORMATION SOLUTIONS, INC., 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CUTIS J COLLINS
   pursuant to the Alabama Rules of the Civil Procedure

| 2/5/2011 2:28:46 PM | /s ANNE-MARIE ADAMS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| _____ | _____ |
| --- | --- |
| Date | Server's Signature |

Feb 8, 2011



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL

**01-CV-2011-900419.00**

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $14.00**  ✓

Parties to be served by **Certified Mail - Return Receipt Requested**

EQUABLE ASCENT FINANCIAL, LLC                    D o e l        Postage: $7.00
150 S. PERRY STREET
MONTGOMERY, AL 36104             7009 1680 0001 9567 7008


EXPERIAN INFORMATION SOLUTIONS, INC.             D 002       Postage: $7.00
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104          7009 1680 0001 9567 7015


Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

*Feb 8, 2011*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL

**01-CV-2011-900419.00**

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $14.00** ✓

Parties to be served by **Certified Mail - Return Receipt Requested**

EQUABLE ASCENT FINANCIAL, LLC            D001        Postage: $7.00
150 S. PERRY STREET
MONTGOMERY, AL 36104              7009 1680 0001 9567 7008

EXPERIAN INFORMATION SOLUTIONS, INC.        D002      Postage: $7.00
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104        7009 1680 0001 9567 7015

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EQUABLE ASCENT FINANCIAL, LLC
150 S. PERRY STREET
MONTGOMERY, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☒ Agent
☐ Addressee

B. Received by (Printed Name)    JAMES S. BELLAMY

C. Date of Delivery    FEB 10 2011

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

CV-2011-900419 SR

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7009 1680 0001 9567 7008

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**ANNE-MARIE ADAMS, CLERK**
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 NO. RICHARD ARRINGTON BLVD
**BIRMINGHAM, ALABAMA 35203**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Laura Payne*   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
*Laura Payne*   2/10/11

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

*D002*

1. Article Addressed to:

EXPERIAN INFORMATION SOLUTIONS, INC.

2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

*CV-2011-900419.00*

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 1680 0001 9567 7015

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE

ANNE-MARIE ADAMS, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 500
716 NO. RICHARD ARRINGTON BLVD
BIRMINGHAM, ALABAMA 35203

FEB 14 2011

ANNE-MARIE ADAMS
Clerk

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

01-JEFFERSON - BIRMINGHAM

☐ District Court   ☑ Circuit Court

ELECTRONICALLY FILED
3/11/2011 10:34 AM
CV-2011-900419.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

Case

CV20

CUTIS J COLLINS V. EQUABLE ASCENT FINANCIAL, LLC ET AL

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:* C001 - COLLINS CUTIS J

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.* | ☐ Oral Arguments Requested |
|---|---|
| WESLEY L PHILLIPS P.O. Box 130488 Birmingham, AL 35213 | |
| *Attorney Bar No.:* PHI053 | |

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| pursuant to Rule _____ ($50.00) | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☑ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| ☐ Local Court Costs $ _____ | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 3/11/2011 10:32:25 AM | Signature of Attorney or Party: /s/ WESLEY L PHILLIPS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
3/11/2011 10:34 AM
CV-2011-900419.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **CURTIS J. COLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.: CV-11-900419** |
| | ) | |
| **EQUABLE ASCENT FINANCIAL, LLC;** | ) | |
| **and EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT
### EQUABLE ASCENT FINANCIAL, LLC

COMES NOW Plaintiff in the above styled action and requests this Honorable Court to dismiss his claims against Defendant Equable Ascent Financial, LLC only in the above-styled action with prejudice, each party to bear their own costs. Plaintiff and Defendant Equable Ascent Financial, LLC have come to a resolution in this matter satisfactory to both parties and neither party wishes to continue the litigation of this matter. Plaintiff reserves his claims as to all other parties not previously dismissed from the instant action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Honorable Court to dismiss all her claims against Defendant Equable Ascent Financial, LLC only with prejudice with each party to bear their own costs.

Respectfully submitted this  11th  day of   March  , 2011.

    s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served on all parties/attorney(s) of record via either U.S. Mail, postage prepaid, electronic mail, or electronic mail through the AlaFile system this  11th  day of  March   , 2011.

Alan D. Leeth
BURR FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203

                                                    s/Wesley L. Phillips
                                                    OF COUNSEL

ELECTRONICALLY FILED
3/11/2011 11:45 AM
CV-2011-900419.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| COLLINS CUTIS J, | } |
| Plaintiff, | } |
| | } |
| V. | } Case No.: CV-2011-900419.00 |
| | } |
| EQUABLE ASCENT FINANCIAL, LLC, | } |
| EXPERIAN INFORMATION SOLUTIONS, INC., | } |
| Defendants. | } |

**ORDER**

Upon motion of plaintiff this case is dismissed as to defendant Equable Ascent Financial LLC, only, with prejudice.   Each party to bear its own costs.

**DONE this 11th day of March, 2011.**

/s/ TOM KING, JR.
**CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2011-900419.00

Judge: TOM KING, JR.

To:  PHILLIPS WESLEY LEVON
     wlp@wphillipslaw.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL
01-CV-2011-900419.00

A court action was entered in the above case on 3/11/2011 11:45:44 AM

**C001 COLLINS CUTIS J**

PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Disposition:     GRANTED
Judge:           -TK

Notice Date:     3/11/2011 11:45:44 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-900419.00

Judge: TOM KING, JR.

To:  EQUABLE ASCENT FINANCIAL, LLC (PRO SE)
150 S. PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL
01-CV-2011-900419.00

A court action was entered in the above case on 3/11/2011 11:45:44 AM

**C001 COLLINS CUTIS J**

PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Disposition:     GRANTED
Judge:           -TK

Notice Date:     3/11/2011 11:45:44 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-900419.00

Judge: TOM KING, JR.

To: EXPERIAN INFORMATION SOLUTIONS, INC. (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL
01-CV-2011-900419.00

A court action was entered in the above case on 3/11/2011 11:45:44 AM

**C001 COLLINS CUTIS J**

PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | -TK |

Notice Date:     3/11/2011 11:45:44 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-900419.00

Judge: TOM KING, JR.

To: WESLEY L PHILLIPS
wlp@wphillipslaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL
01-CV-2011-900419.00

The following matter was FILED on 3/11/2011 10:34:45 AM

**C001 COLLINS CUTIS J**

PLAINTIFF'S PLAINTIFF'S MOTION TO DISMISS TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:      3/11/2011 10:34:45 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-900419.00

Judge: TOM KING, JR.

To:  EQUABLE ASCENT FINANCIAL, LLC (PRO SE)
150 S. PERRY STREET
MONTGOMERY, AL 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL
01-CV-2011-900419.00

The following matter was FILED on 3/11/2011 10:34:45 AM

**C001 COLLINS CUTIS J**

PLAINTIFF'S PLAINTIFF'S MOTION TO DISMISS TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:     3/11/2011 10:34:45 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-900419.00

Judge: TOM KING, JR.

To: EXPERIAN INFORMATION SOLUTIONS, INC. (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL
01-CV-2011-900419.00

The following matter was FILED on 3/11/2011 10:34:45 AM

**C001 COLLINS CUTIS J**

PLAINTIFF'S PLAINTIFF'S MOTION TO DISMISS TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:        3/11/2011 10:34:45 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2011-900419.00

Judge: TOM KING, JR.

To:  PHILLIPS WESLEY LEVON
     wlp@wphillipslaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CUTIS J COLLINS v. EQUABLE ASCENT FINANCIAL, LLC ET AL
01-CV-2011-900419.00

The following matter was FILED on 3/11/2011 10:34:45 AM

**C001 COLLINS CUTIS J**

PLAINTIFF'S PLAINTIFF'S MOTION TO DISMISS TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:      3/11/2011 10:34:45 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CURTIS J. COLLINS,                )
                                  )
    Plaintiff,               )
                                  )
                            )   **Case No.**
vs.                               )   **01-CV-2011-900419**
                                  )
EXPERIAN INFORMATION              )
SOLUTIONS, INC.;                  )
                                  )
    Defendant.               )
_____  )
                                  )

## NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal of the above-captioned action to the United States District Court for the Northern District of Alabama, Southern Division. A copy of the Notice of Removal filed with respect to this action is attached hereto as Exhibit 1.

Dated:        March 11, 2011            Respectfully submitted,


L. Jackson Young, Jr. (ASB-7946-G65L)
FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
ljy@ffdlaw.com
Telephone:  (205) 879-8722
Facsimile:  (205) 879-8831

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2011, I caused the foregoing to be served via U.S. Mail with appropriate postage attached thereto to counsel of record.

L. Jackson Young, Jr.

## SERVICE LIST

Wesley L. Phillips (PHI053)
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama  35213-0488
wlp@wphillipslaw.com
Telephone:  (205) 383-3585
Facsimile:  (800) 536-0385

*Attorney for Plaintiff*

{W0286524.1 }
ATI-2463816v1