# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CURTIS J. COLLINS,** | ) |
| | ) |
|    Plaintiff, | )    **Case No.: 2:11-CV-938-AKK** |
| | ) |
| vs. | ) |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.,** | ) |
| | ) |
|    Defendant. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties' representatives was held April 25, 2011, and was attended by:

Wesley L. Phillips, for Plaintiff Curtis J. Collins ("Plaintiff"); and

L. Jackson Young, for Defendant Experian Information Systems, Inc. ("Experian").

    **1.**    **Synopsis of Case:**

        **a.**    **Plaintiff's Statement:**

Plaintiff Curtis J. Collins was alleged to owe a debt to Equable Ascent Financial ("EAF") which he disputed and denied. At the trial on the underlying debt, Plaintiff prevailed, and it was adjudged he did not owe EAF for the debt it claimed. Upon winning the lawsuit, Plaintiff sent a dispute letter to Defendant

Experian informing Defendant he had won the matter at trial and did not owe the debt.  Plaintiff requested Defendant Experian to reinvestigate the EAF trade line and provided it with all the information needed to conduct the reinvestigation.  Plaintiff further requested Defendant Experian to make his credit file accurate and delete the EAF trade line.  Defendant Experian failed to conduct a proper and reasonable investigation and to correct and make accurate Plaintiff's credit file in violation of the Fair Credit Reporting Act.  Defendant Experian did not comply with the FCRA in its report back to Plaintiff after its reinvestigation of the EAF trade line.  Defendant Experian violated federal and state law in its handling of Plaintiff's credit file.  Mr. Collins has suffered damages under state and federal law due to Defendant Experian's failure to comply with state and federal law, including the Fair Credit Reporting Act.

      **b.**    **Defendant Experian Information Solutions, Inc.'s Statement:**

Experian denies the allegations of wrongful conduct made by the Plaintiff as reflected in Experian's Answer filed on March 15, 2011.  Experian further states that its claims and defenses will be explored further when and if this case reaches the fact discovery stage.

**2.     Initial Disclosures:**

The parties will exchange formal initial disclosures by **April 29, 2011.**

**3.     Discovery Plan:**

The parties propose to the Court the following discovery plan:

    **a.     Subjects**

Without waiver of objections, discovery will be needed on the following subjects: all claims asserted within Plaintiff's complaint and Defendant's defenses.

    **b.     Limitations**

        **i.     Interrogatories:**

Plaintiff and Defendant propose a maximum of **35** interrogatories, including subparts, by each party to any other party.

        **ii.     Requests for Admission:**

Plaintiff and Defendant propose a maximum of **35** requests for admission, including subparts, by each party to any other party.

        **iii.     Requests for Production of Documents:**

Plaintiff and Defendant propose a maximum of **35** requests for production, including subparts, by each party to any other party.

        **iv.     Depositions:**

The parties propose a maximum of **10** depositions, whether taken upon oral or written examination, by each party. Each deposition is limited to one day for a maximum of seven hours, exclusive of breaks, unless agreed to by the parties or ordered by the Court.

    c.    **Reports of Retained Experts:**

Reports from retained experts under Fed. R. Civ. P. 26(a)(2)(B) are due from Plaintiff by **October 1, 2011,** and from Defendant, by **November 1, 2011**.

Supplementation under Rule 26(e) is due no later than **30 days** prior to discovery cutoff.

    d.    **Discovery Cutoff Date:**

All discovery to be commenced in time to be completed by **December 15, 2011**.

4.    **Other Items:**

The parties **do not** request a scheduling conference prior to entry of a scheduling order. The parties do request a pretrial conference on or around **February 1, 2012.**

    a.    **Settlement**:

Settlement cannot be evaluated until completion of initial discovery. The parties will determine whether mediation should be entered upon completion of initial discovery.

      **b.**     **Joinder of Parties/Amendment of Pleadings:**

Plaintiff is allowed until **July 15, 2011**, to join additional parties or to amend the pleadings.  Defendant is allowed until **August 15, 2011**, to amend the pleadings or to join additional parties**.**

      **c.**     **Dispositive Motions:**

The parties propose that all potentially dispositive motions must be filed and served on or before **January 13, 2012**.

      **d.**     **Final Lists of Witnesses and Exhibits:**

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due **30 days** prior to the trial date.  Parties should have **14 days** after service of final lists of witnesses and exhibits to lists objections under Rule 26(a)(3).

      **e.**     **Trial:**

The case will be ready for trial by **March 2012** and is expected to take approximately **3 days**.

      **f.**     **Preservation of Electronic Information**:   The parties will take reasonable measures to preserve relevant electronic information.  Defendant will endeavor to preserve any electronic information, to the extent that it exists, related to the matters listed and individuals named in Plaintiff's complaint.

      **g.** **Form of Production of Electronic Information**:  To the extent that it exists, the parties will produce relevant, non-privileged, electronic information in searchable .pdf format and paper format.

      **h.** **Inadvertent Disclosure of Privileged Materials**:  Inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege.  A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy.  If the parties disagree as to whether a privilege applies to the information disclosed, the parties may petition the Court for an in camera review to ascertain whether the asserted privilege is valid and applicable to the information disclosed prior to returning any information for which a privilege is asserted.

Dated: April 25, 2011                      Respectfully submitted,

                                              /s/ Wesley L. Phillips
                                              Wesley L. Phillips (PHI053)
                                              PHILLIPS LAW GROUP LLC
                                              PO BOX 130448
                                              Birmingham, Alabama  35213
                                              wphillipslaw@gmail.com
                                              Telephone:  (205) 383-3585
                                              Facsimile:   (205) 536-0385

ATTORNEY FOR PLAINTIFF


/s/ L. Jackson Young
L. Jackson Young, Jr. (ASB-7946-G65L)
FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL  35243
ljy@ffdlaw.com
Telephone:  (205) 380-6984
Facsimile:  (205) 380-6986

ATTORNEYS FOR DEFENDANT
EXPERIAN INFORMATION
SOLUTIONS, INC.