# 1IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CURTIS J. COLLINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| v.                                         ) | **Case No: 2:11-CV-938-AKK** |
| ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.**;                ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## OPPONENT'S RESPONSIVE SUBMISSION IN OPPOSITION TO EXPERIAN'S MOTION TO COMPEL

COMES NOW Plaintiff Curtis Collins and hereby responds in opposition to Experian's motion to compel discovery and requests this Honorable Court deny the same as well as any requests for attorney fees and other sanctions and requests sanctions and attorney fees from Defendant Experian for having to respond to its motion. Defendant Experian's motion is insincere and merely an attempt to harass and strong arm Plaintiff in this matter. What is telling and obvious from the massive amounts of documents Defendant Experian dumped on this Court is that it abandoned the majority of its so-called deficiencies in Plaintiff's responses to its discovery requests. [*See* Exhibit1 to Movant Experian's Motion to Compel.]   Plaintiff has provided all that is required by the Federal Rules of Civil Procedure and will continue

to supplement his responses as required by the Rules, if any documents are obtained prior to the December 15, 2011 discovery cut off date.

**I.     Plaintiff's Response to Experian's Interrogatory number 7 is complete and non-evasive based on the information available to Plaintiff at the time the responses were provided.**

Defendant Experian is attempting to place red herrings before this Honorable Court in order to gain an advantage in this matter and to harass and intimidate Plaintiff, who has done all that is required under the FCRA to impart liability to Defendant Experian. Defendant Experian states it does not like Plaintiff's response to its Interrogatory No. 9, yet it was the one that worded the call of its question to Plaintiff and has no cause to complain about the response received from Plaintiff, which was complete and all that is required by the Federal Rules of Civil Procedure. In its Interrogatory No. 9, Defendant requested Plaintiff to provide reports generated by Defendant that contained inaccurate information sent to any *potential creditor*, *employer*, or *insurer*. Plaintiff responded appropriately stating that *discovery is still ongoing* meaning Plaintiff is continuing to attempt to locate any information requested by Defendant in this Interrogatory, if any does exist; however, discovery in this matter has not yet closed. Further, Plaintiff suggested to Defendant Experian that the parties file a joint motion to stay discovery until such time as the Court rules upon the Plaintiff's pending motion to Amend the Complaint to add class claims.[ *See* Exhibit 3 to Movant Experian's Motion to Compel.]

Experian is inappropriately seeking a to place a summary judgment type standard on discovery responses. The Federal Rules of Civil Procedure *require* parties to continue to supplement their respective discovery responses throughout the pendency of discovery and during the dispostive motion phase of the case, if one party cannot produce evidence showing a dispute of a material fact, then the opponent will prevail at summary judgment not at discovery. *See* Fed. R. Civ. P. 26(e)(1)(A). Further, this Interrogatory is disingenuous because it is *Defendant* which would be more likely to have this information rather than Plaintiff. Defendant Experian knows full well that employers, creditors, and insurers often pull consumers' credit reports *without* the knowledge of the consumer. A consumer may sign an employment, credit, or insurance agreement that allows an employer, creditor, or insurer to pull his or her credit report at any time without further knowledge to Plaintiff. In fact, employers, creditors, and insurers routinely pull consumers' credit reports *without* the consumer's knowledge of each and every credit pull. Moreover, it appears from Experian's response to Plaintiff's Interrogatory number 4 that Defendant did provide Plaintiff's credit reports to potential creditors of Mr. Collins, however, since Defendant Experian has marked these documents as "confidential" under the protective order for unknown reasons and has been uncooperative in providing a 30(b)(6) deponent, Plaintiff has the unduly burdensome task to provide Experian precisely the information it is attempting to claim it needs but cannot get from

Plaintiff. [*See* Response No 4 of Defendant Experian's Second Amended Responses to Plaintiffs First Interrogatories.]  Defendant Experian has full knowledge of these events and yet attempts to place an unduly burdensome standard upon Plaintiff to find out what entities were pulling credit reports on Plaintiff at all relevant times when it is *Defendant* that should have the records and audit trails of each and every entity that pulled his credit reports and when each was pulled, just as Plaintiff stated in his response to Defendant's interrogatory.  Moreover, Defendant Experian misstates the importance and relevance of this information to Plaintiff's case in this matter. Experian appears to be stating that an inaccurate credit report to a potential creditor, employer, or insurer is required to maintain a FCRA claim and that is why this information, information Exeperian should have in its possession, is relevant to this matter.  However, this is not the standard for liability under the FCRA.  At most and as stated in Defendant's own 1991 case cite, *Cahlin v. GMAC Corp.*, 936 F.2d 1151 (11th Cir. 1991), all that could possibly be required to create liability is that a credit report was "prepared" by an credit reporting agency containing an inaccuracy.  *See Cahlin v. GMAC Corp.*, 936 F.2d 1151, 1156, 1160 (11th Cir. 1991).  Section 1681e(b) states in relevant part:

> (b) *Accuracy of report.* Whenever a consumer reporting agency *prepares a consumer report* it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.
> 15 U.S.C. §1681e(b) (emphasis supplied).

Although Plaintiff has plead additional violations other than 1681e(b) violations in this matter, even if it is required that a report be "prepared" for Plaintiff's other claims, including his §1681i claims, the plain language of the statute as well as the case law does not require that a report be prepared for and submitted to "any potential creditor, employer, or insurer" to establish liability under the FCRA as Defendant Experian claims in its motion.  This is simply wrong.  Experian did *not* ask whether Plaintiff claimed Experian prepared a report containing inaccuracies, likely because *it produced these to Plaintiff*, and as a result, has no cause to complain about the appropriate response Plaintiff provided in response to the call of its question.  In fact, Experian produced the reports that were prepared containing inaccuracies in documents 00001-00079 of its own document production as Plaintiff stated throughout his responses to Experian's discovery requests.  Therefore, there is no merit to Experian's claim that Plaintiff's response to Interrogatory number 7 is improper.

**II.     Plaintiff's Response to Experian's Interrogatory number 9 is appropriate under Rule 26, Fed. R. Civ. P.**

It is curious that the credit reporting agencies, including Defendant Experian, always claim that credit reports are merely "snapshots" in time and are subject to change on a daily basis, however, when it seems expedient for Defendant, as in this matter, Experian claims a credit report prepared long after the claimed harm has been

done to the Plaintiff is relevant to the question whether Experian violated the FCRA. It is not. The credit report Experian references was prepared almost one year after the fact a report containing inaccuracies was prepared with regard to Plaintiff's claims in this matter. In fact, this report was prepared *specifically for litigation* and as properly stated in his response to the interrogatory is irrelevant to whether Defendant violated the FCRA and is meant purely to harass and intimidate Plaintiff into dropping his case because there may be some other negative information on his credit report. However, that is not the standard for liability or damages under the FCRA. The Eleventh Circuit has recognized, without deciding, that a plaintiff seeking actual or compensatory damages under the FCRA might be entitled to recover compensation for emotional distress. *See King v. Accept Acceptance, LLC*, 452 F.Supp 2d 1272,1280 (N.D. Ga. 2006) *citing Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1124 (11th Cir.2006).[1] The June 27, 2011 credit report Experian complains about *was prepared in and for the instant litigation* and has no immediate bearing on the claims and allegations in Plaintiff's complaint.

### III.   Plaintiff's Response to Experian's Interrogatory number 12 is proper under Rules 26 and 33, Fed. R. Civ. P.

---

[1] "Other courts, cited by the Eleventh Circuit in *Levine,* have specifically so held. *See Bakker v. McKinnon,* 152 F.3d 1007, 1013 (8th Cir.1998) (holding that, even in the absence of "out-of-pocket expenses or costs incurred," the district court did not abuse its discretion in awarding actual and punitive damages when appellees testified "about how they felt when appellant obtained their credit reports and violated their privacy, thereby causing them some emotional distress");" *King,* 452 F.Supp. 2d at 1280.

As stated in *King* and *Levine*, *supra*, actual damages can include emotional distress damages, including, but not limited to damages from embarassment, humiliation, frustration, and irritability due to the conduct of Defendant Experian in verifying inaccurate information on Plaintiff's credit report after Plaintiff followed the procedures required by the FCRA to have such inaccurate information removed from his credit reports.  It is well known that it is hard to place a hard dollar amount upon such damages, and indeed, this normally left to the trier of fact to do so based upon all information presented at a trial of the matter.  It is unfair, insincere, and unduly burdensome of Defendant Experian to attempt to force Plaintiff to place a dollar figure on these damages while the parties are still in discovery.  There can be no doubt Defendant would attempt to use whatever amount Plaintiff placed on his damages against him in a trial of this matter.  If discovery bore out his allegations and particularly if they shown willfulness on the part of Defendant as Plaintiff has alleged and Plaintiff based his damages on a mere negligence standard, Plaintiff could greatly underestimate the amount of damages, and Experian would without a doubt use the lower figure against him at trial to limit the amount of his damages claimed. Further, Plaintiff should have at least until the close of discovery to ascertain all items of damage in existence.  It can be very difficult for a Plaintiff in a FCRA case to ascertain any and all actual damages suffered from the inaccurate reporting of his credit file, especially in light of the earlier discussion of credit disclosures that often

occur without Plaintiff's knowledge. Plaintiff is already required the Federal Rules of Civil Procedure to supplement his responses, if and when he finds additional items of damage. Plaintiff has no reason to withhold any such information from Defendant. Plaintiff did not merely object to this interrogatory without providing a meaningful response; instead, Plaintiff provided Defendant with all the items of damage within his knowledge at the time he responded to Defendant's requests. There is nothing improper about Plaintiff's response to Interrogatory No.12.

### IV. Plaintiff's Responses to Experian's Production Requests are proper under Rules 26 and 35, Fed. R. Civ. P.

Defendant Experian attempts to make much out of the fact Plaintiff produced four documents and referenced the documents it produced to substantiate his claims, however, the combined document production of Plaintiff and Defendant do substantiate Plaintiff's claims in this matter. Plaintiff did not re-produce the documents created by Defendant, that Defendant had in its possession, and that Defendant produced to Plaintiff since it would be redundant and wasteful and Plaintiff is unaware of any authority that he must reproduce the same documents produced by a Defendant who created the documents and then produced them first. To do so is futile and a waste of resources. The "prior lawsuit" to which Defendant refers with regard to the documents produced by Plaintiff is the lawsuit upon which Defendant's liability in this matter is predicated. These documents are the only

documents Plaintiff had in his possession at the time of his responses which Defendant Experian either did not have in its possession or had not produced; therefore, Plaintiff provided Defendant Experian with these relevant documents. As for Defendant's argument with regard to Request No. 1, Plaintiff stands by his objections that this request is poorly worded and overly broad, however, Plaintiff did indeed provide all the relevant documents in his possession at the time he responded to these requests.[2] Defendant Experian is using another red herring in a bad faith attempt to harass and intimidate Plaintiff into abandoning his claims against Experian. Plaintiff is not attempting to withhold any discovery which would tend to make his case stronger against Defendant, rather Plaintiff has stated throughout his discovery responses that he thinks some or all of the alleged items may exist but he has yet to obtain any, and since discovery is has not terminated, he should be allowed to continue to attempt to obtain these documents until the time discovery ends. If Plaintiff is unable to obtain any of these documents until after that time, he feels confident Defendant will file a motion to exclude them from the trial of this matter. As for Defendant's shotgun allegations of deficient responses to Experian's Request Nos. 28-32, its allegations are too vague for Plaintiff to provide a complete response. However, none of the information requested is necessary to prove *either* Defendant's

---

[2]At this time, Plaintiff does not have any documents with which to supplement his response, however, if he does obtain any such documents prior to the close of discovery he will provide them to Defendant as soon as they are obtained in accordance with Rule 26(e).

liability to Plaintiff for violating the FCRA or his damages thereunder.  Of course, if Plaintiff obtains any of al Rules requested documents before discovery ends on December 15, 2011, Plaintiff will immediately provide all such documents to Defendant since *doing so would only increase the amount of Plaintiff's damages* proximately caused by Defendant Experian.

### V.     Plaintiff has complied with the Federal Rules of Civil Procedure with regard to his discovery responses

Plaintiff has fulfilled his duties required of him under the Federal Rules of Civil Procedure.  There would be no benefit to Plaintiff withholding any documents which would tend to increase the damages caused him by Defendant in this matter.  The documents produced in discovery thus far clearly establish Defendant's liability to Plaintiff as well as his damages under the FCRA.  Plaintiff has properly responded to Experian's discovery requests and will provide any additional information he obtains, if any, by the December 15, 2011 discovery cut off date.  Further, based on the foregoing, Experian's motion to compel is unfounded and Plaintiff is entitled to his reasonable attorney's fees in having to respond to Defendant's unnecessary and frivolous motion.  Defendant's motion to compel is due to be denied and Plaintiff is due to be awarded attorney fees for having to respond.  Finally, Defendant Experian has *unclean hands* in filing its Motion to Compel and then supplementing its responses *the next day* in an attempt to "hit and run" Plaintiff with its motion[3].

———————————————

[3] Please See Attached Exhibits A and B attached hereto, with Exhibit A discussing the fact Defendant had not produced complete and non-evasive information and documents to Plaintiff and that Plaintiff would also file a cross motion to compel *if* the Defendant would not agree to a Joint Motion to Stay Discovery until the Court rules upon Plaintiff's Amended Complaint; however and as shown in Exhibit B, Defendant filed the instant motion, and the *day after* the motion to compel was filed supplemented for a *second* time its discovery to Plaintiff in an attempt to make the matter look as if Defendant had been producing all Plaintiff requested and Plaintiff was the only party objecting to discovery requests in this matter. Plaintiff continues to believe the Joint Motion to Stay Discovery would be the better course of action given the facts and progression of this matter.

    Respectfully submitted this  7th  day   December  , 2011.


                                            s/  Wesley L. Phillips
                                            Attorney for Plaintiff
                                            Wesley L. Phillips

<u>OF COUNSEL</u>:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@phillipslaw.com

<u>OF COUNSEL</u>:
LAW OFFICES OF DAVID L. SELBY, II LLC
One Chase Corporate Dr Ste 400
Birmingham , AL 35244-7001
Telephone: (205) 313-6490
Email: dls@davidselbylaw.com


CERTIFICATE OF SERVICE

Thisis to certify that on this  7th  day of   December  , 2011, a copy of the foregoing document has been served upon counsel for all parties electronically via CM/ECF:

L. Jackson Young
FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

Gregory Hanthorn
JONES DAY
1420 Peachtree Street,
N.E. Suite 800
Atlanta, Georgia 30309

Sean H. McCarthy
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002

                                                                      s/Wesley L. Phillips
                                                                      OF COUNSEL