FILED
2011 Dec-19 PM 05:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISCTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CURTIS J. COLLINS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | ) |
| vs. | )    **Case No** 2:11-CV-938-AKK |
| | ) |
| **EQUABLE ASCENT FINANCIAL, LLC;** | ) |
| **and EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.**; | ) |
| | ) |
| | ) |
|     **Defendants.** | ) |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, individually and as a representative of the class defined herein (the "class") and amends and restates the Complaint as follows:

## INTRODUCTION

This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq; and Alabama common law.  This Amended Complaint only restates the Complaint and does not change any claims or allegations against Defendant Equable Ascent Financial, LLC.  This Amended Complaint does amend and restate the Complaint against Defendant Experian Information Solutions, Inc. Specifically, the Amended Complaint is amended to add Count VII as a class allegation claim against Defendant Experian Information Solutions, Inc.

## PARTIES

1. Plaintiff Curtis J. Collins is a resident of Jefferson County, over 19 years of age, and is competent to bring this action.

2. Defendant Equable Ascent Financial, LLC (hereinafter "Equable") is registered in Delaware with its principal place of business located in Buffalo Grove, Illinois and was doing business in Jefferson County, Alabama at all times material to this Complaint. Equable acted as a debt collector and debt buyer throughout the United States including Jefferson County, Alabama at all times material to this Complaint.

3. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business located in Orange, California and was doing business in Jefferson County, Alabama at all times material to this Complaint.

4. Jurisdiction is proper in the Circuit Court of Jefferson County, Alabama. Plaintiff is a resident of Jefferson County, and all of, or substantially all of, the wrongs complained of occurred in Jefferson County. The matter in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount required by the Circuit Court of Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

5. In April, 2009, Defendant Equable sued Plaintiff in the Small Claims Court of Jefferson County, Alabama, with a case number of SM-10-2973. In this suit, Defendant Equable asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted the amount owed was $2193.28.

6. Plaintiff answered the Complaint with a denial of Equable's claims, and the trial of lawsuit numbered SM-10-2973 occurred on or about July 26, 2010.

7. On June 26, 2010, The Honorable John E. Amari, District Judge for Jefferson County, entered an Order finding for Mr. Collins and against Equable in case number SM-10-2973.

8. The verdict entered in favor of Plaintiff Curtis Collins and against Defendant Equable by the Court was a final adjudication on the merits.

9. Defendant Equable did not appeal within the time allowed, thus, making the judgment a final judgment from which an appeal no longer lies.

10. Defendant Equable is not the owner of this alleged debt.

11. Defendant Equable reported to the credit reporting agencies that Plaintiff owed this money and was in default.

12. Plaintiff did not owe this money to Defendant Equable.

13. The debt being collected is a "consumer debt" as defined by the FDCPA.

14. Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

15. Defendant Equable is a "debt collector" as defined by the FDCPA.

16. After the dismissal with prejudice by the Small Claims Division of the Jefferson County District Court, Plaintiff sent a letter to Defendant Experian requesting an investigation and/or reinvestigation of the account that still appeared on Plaintiff's credit reports with regard to Equable.

17. Plaintiff requested the account be deleted, as Plaintiff did not owe said account.

18. Plaintiff requested Defendant Experian to contact the Defendant Equable's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that this account should be immediately deleted from her credit reports.

19. No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

20. In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

21. Defendant Experian notified Defendant Equable in accordance with the FCRA of the dispute by the Plaintiff.

22. Alternatively, Defendant Experian did not properly notify Defendant Equable and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Equable. This includes notification that Plaintiff won the lawsuit in the District Court.

23. All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

24. On August 9, 2010, Defendant Experian responded to Plaintiff's request for an investigation of his credit file with regard to the Equable account and Defendant Experian failed and refused to perform an investigation and/or reinvestigation claiming Mr. Collins was not who he said he was and asserting Mr. Collin's request to investigate as "a suspicious request taht we have determined was not sent by you." Although this was nothing more than an obvious delay tactic on the part of Experian, Plaintiff provided Experian with a copy of his driver's license and social security card and re-disputed the Equable trade line.

25. On September 9, 2010, Defendant Experian issued the result of its investigation and reinvestigation after Plaintiff having had to twice request it to investigate and/or reinvestigate this account, Confirmation report number 2552-3310-67 verifying the Defendant Equable account and refusing to delete said account although Plaintiff provided Defendant

Experian the proper information to show said account was not properly placed in or on her credit report, record, and/or file.  The report Defendant Experian issued to Plaintiff and the failure to properly and/or reasonably investigate and re-investigate by Defendants Experoian and/or Equable following the entering of judgment against Defendant Equable in the District Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

26. All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Equable through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

27. Defendant Experian has proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

28. For example, had Plaintiff not answered the Small Claims suit and a default judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Experian would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

29. Defendant Experian, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff prevailed at trial on the merits.

30. The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant Equable; and the District Court's ruling was a final judgment.

31. The dismissal with prejudice was not appealed to the Jefferson County Circuit Court, and there is no avenue for appeal for Defendant Equable of this judgment as the time to appeal has long since passed.

32. Despite this knowledge, Defendant Experian has completely abdicated its obligations under federal and state law and has instead chosen to merely "parrot" whatever the customer, Defendant Equable, has told it to say.

33. Defendant Experian has a policy to favor the paying customer, in this situation Defendant Equable, rather than what the consumer or even a court says about a debt.

34. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

35. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

36. Defendant Equable has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Equable knows no balance is owed.

37. Defendant Equable promises through its subscriber agreements or contracts to accurately update accounts but Defendant Equable has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

38. Defendant Equable had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

39. Defendant Equable has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct. In this matter, Defendants Equable and Experians' failure to remove Plaintiff's account was precisely "parking" of an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

40. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

41. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

42. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

43. At all relevant times the Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report

and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

44.     Defendant Equable failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

45.     Defendant Equable has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

46.     Defendant Experian has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

47.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

48.     It is a practice of Defendant Equable to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

49. It is a practice of Defendant Experian to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

50. All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

51. All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

52. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

53. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

54. Defendant Equable violated the FDCPA in numerous ways, including, but not limited to the following:

      a.    Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money;

      b.    Suing the Plaintiff when there was no basis to do so;

      c.    Continuing to assert the suit in state court when Defendant Equable knew, or should have known, there was no basis for doing so;

      d.    Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

      e.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Equable is not entitled to collect upon.

55.    The violations of the FDCPA by the Defendant Equable are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant Equable's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Equable for statutory, actual, compensatory and/or punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact plus attorneys' fees, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

56. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

57. Defendant Experian is a "consumer reporting agency," as codified at 15 U.S.C. §1681a(f).

58. Defendant Equable is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

59. Plaintiff notified Defendant Experian directly of a dispute on the Defendant Equable's account's completeness and/or accuracy, as reported.

60. The credit reporting agency, Defendant Experian, failed to delete inaccurate information, reinserted the information without following the FCRA, failed to properly investigate and/or reinvestigate Plaintiff's disputes, and failed to provide Plaintiff a proper report of the results of its investigation and/or reinvestigation.

61. Plaintiff alleges that at all relevant times Defendant Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

62. Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact

counsel for Defendant Equable and/or other proper and reasonable measures. Further, Defendant Experian failed to provide a proper consumer disclosure as required by 15 U.S.C. § 1681i(a)(6).

63. All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

64. Defendants Experian and/or Equables' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equable and/or Experian, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact plus attorneys' fees, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

65. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66. Defendant Equable published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

67. Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

68. Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

69. Plaintiff has been damaged as a proximate result of Defendant Equable's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Equable for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

70. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

71. Defendant Equable recklessly, intentionally, and/or willfully invaded the privacy

of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

72. Plaintiff has been damaged as a proximate result of Defendant Equable's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Equable for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

### NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

73. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74. Defendant Equable has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

75. Defendant Equable has agreed to follow and understands it must follow the requirements of the FCRA.

76. Defendant Equable has a duty under Alabama law to act reasonably under the circumstances.

77. Defendant Equable has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

78. Defendant Equable violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

79. Defendant Experian violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

80. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Experian, and/or Equable, jointly and severally, for compensatory and punitive damages in an amount in excess of the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VI

## NEGLIGENCE IN HIRING, SUPERVISING, AND/OR TRAINING

81. All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

82. Defendants Experian and/or Equable were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

83. The employees and/or agents of these Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

84. The negligent or wanton conduct of those employees and/or agents of all Defendants, including the fictitious party Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

85. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Experian, and/or Equable, jointly and severally, for compensatory and punitive damages in an amount in excess of

the jurisdictional minimum of this Court to be determined by the trier fact, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VII

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq. (CLASS CLAIM AGAINST DEFENDANT EXPERIAN)

### Class Definition

86. This Count is brought as a class action. Plaintiff tentatively defines the class as follows: *All consumers who disputed a trade line on their credit report and received an investigation results report from Experian which failed to show how the consumer's file is being revised as a result of the Experian investigation and/or reinvestigation.*

### Numerosity of the Class

86. The class is so numerous that joinder of all members is impractical. Although the precise number of class members is not yet known, plaintiffs aver that the class members are in the thousands.

### Common Questions of Law and Fact

87. There are questions of law and fact common to the class which predominate over any questions affecting only individual class members. The principal question is whether Experian's conduct in connection with the investigation results report violates the FCRA.

**Typicality and Commonality**

88.     Plaintiff's class claim is typical of the claims of the class.  The claims arise from the same facts and are based on the same legal theory.  The factual basis of the defendant's misconduct is common to all Class Members and represents a common thread of misconduct resulting in injury to all members of the Class.

**Adequacy of Representation**

89.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff is greatly annoyed at being the victim of Defendant's illegal practices and wishes to see that the wrong is remedied.  To that end, Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful business practices, including the FCRA.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

WHEREFORE, for purposes of the class allegations, Plaintiff prays for an award against Experian as follows:

a.      Certifying this claim (Count VII) to proceed as a class action, and naming Plaintiff as the representative for the Class and his counsel as counsel for the Class;

b.      Awarding Plaintiff and the Class compensatory damages and all statutory, exemplary or treble damages from Experian permitted by law;

c.      Awarding Plaintiff and the Class punitive damages as a result of Experian's willful and intentional unlawful and inequitable conduct;

d.      Granting Plaintiff and the Class all equitable remedies permitted by law against Experian;

   e. Ordering and instructing Experian to provide restitution and/or to disgorge into a common fund or constructive trust all monies paid by Plaintiff and the Class to full extent to which Experian is unjustly enriched by its unlawful and inequitable conduct alleged herein;

   f. Granting Plaintiff and the Class the costs of prosecuting this action against Experian, together with interest and reasonable attorneys' and experts' fees;

   g. Granting such other relief against Experian as the Court may deem just and proper under the circumstances and applicable laws.

   h. An order certifying that this claim (Count VII) may be maintained as a class action against Experian;

   Respectfully submitted this  19th  of  December , 2011.

                 s/Wesley L. Phillips
                 Wesley L. Phillips
                 David L. Selby, II
                 Attorneys for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

OF COUNSEL:
LAW OFFICES OF DAVID L. SELBY, II LLC
One Chase Corporate Dr Ste 400
Birmingham , AL 35244-7001
Telephone: (205) 313-6490
Email: dls@davidselbylaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

                                                  s/Wesley L. Phillips
                                                  OF COUNSEL

Plaintiff's Address:
812 Seven Springs Drive
Birmingham, Alabama 35215

## CERTIFICATE OF SERVICE

      I certify that I have caused a copy of the foregoing to be served on all parties listed below via either CM/ECF service or U.S. Mail, first class postage prepaid, this __19th__ day of __December__, 2011.

L. Jackson Young, Jr.
FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL  35243

Sean McCarthy
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002

                                                  s/Wesley L. Phillips
                                                  OF COUNSEL