FILED
2013 Oct-11  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA


# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **CURTIS J. COLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No: 2:11-CV-938-AKK** |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.**; | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S FED. R. CIV. P. RULE 59 MOTION TO ALTER, AMEND OR VACATE

Plaintiff Curtis Collins respectfully requests that the Court Alter, Amend, or Vacate its Order (Doc. 60) granting summary judgment to Defendant Experian Information Solutions, Inc. ("Experian"). As this Court held, there are genuine issues of material fact regarding whether Experian violated 1681i of the Fair Credit Reporting Act. Nonetheless, the Court granted summary judgment for Experian because it found that Mr. Collins had not established the third-party publication necessary for to prove actual damages[1]. This judgment should be amended because unlike other provisions of the Fair Credit Reporting Act, Section 1681i does not require a plaintiff to establish third-party publication to prove damages.

---

[1] *See* Doc. 60, Mem. Op. & Order, at 17.

Assuming, *arguendo*, 1681i could be read to require third-party publication, Mr. Collin's testimony clearly shows there was third-party publication. Further, Mr. Collins suffered actual damages as a result of third-party publication of the erroneous information. Mr. Collins testified that he was damaged because his credit report was published to a third-party, GEICO Insurance Co.[2]; as a result, the record shows that he did in fact suffer damages and should be permitted to pursue his claims. Finally, Mr. Collins has provided sufficient evidence to create a genuine issue of material fact regarding Experian's willful and wanton conduct. Thus, Plaintiff respectfully requests this Honorable Court to vacate, alter, or amend its judgment, deny Experian's Motion for Summary Judgment, and allow these claims to go to a jury.

I.    15 U.S.C. 1681i Does Not Require Third-Party Publication for a Plaintiff to Establish Damages

   A.    The Language of 1681i Cannot Be Interpreted to Require Third-Party Publication

While some courts have interpreted 1681e(b) to necessitate publication to a third party, the Ninth Circuit has not even interpreted 1681e(b) to require third party publication[3]. Nevertheless, the language in 1681e(b) is very different from the language in 1681i.

---

[2]*See* Doc. 53-4, (Collins Depo Tr.) at pp. 30–33; *see also* Doc. 53-3, (Credit Report, June 6, 2010), p. 5; Doc 53-10, (Report of September 9, 2010); Doc 53-15, (Credit Report of November 23, 2010), p. 5.; Doc 53-16, (Report of February 28, 2011). .

[3]*See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995).

Unlike many provisions of the Fair Credit Reporting Act, third-party publication is not an element of a 15 U.S.C. § 1681i claim. The absence of this requirement is apparent from the plain language of the statute, Section 1681i(a)(1)(A) states in relevant part as follows:

> ...[I]f the completeness or accuracy of any item of information *contained in a consumer's file at a consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate... 15 U.S.C. §1681i(a)(1)(A) [Emphasis added].

It is clear from reading the two sections there are different standards involved. Congress's intent is clear: A credit reporting agency is responsible for re-investigating "any item of information contained in a consumer's file," once that information is disputed. *Id.* No third-party publication requirement exists in this provision.

Section 1681i concerns a consumer's information that is on file at a consumer reporting agency. Section 1681i is between the consumer and the credit reporting agency. Experian prepared multiple credit reports containing the inaccuracy of which Plaintiff complained[4]. Although Plaintiff maintains 1681i does not require third party publication, Mr. Collins' testimony shows inaccurate reports were published to third

---

[4]*See* Doc. 53-3, (Credit Report, June 6, 2010), p. 5; Doc 53-10, (Report of September 9, 2010); Doc 53-15, (Credit Report of November 23, 2010), p. 5.; Doc 53-16, (Report of February 28, 2011), p. 7.

parties[5].  Therefore, the summary judgment granted Experian with respect to Collins'

1681i claims is due to be reversed and allowed to be heard by a jury.

      B.    Courts Have Recognized the Distinction Between Section 1681i(a)(1)(A) and Other Provisions of the FCRA

"Unlike a claim founded upon § 1681e(b) . . . there is no statutory basis for

requiring the actual issuance of a consumer credit report to a third party under

§ 1681(i)(a)."  *Myers v. Experian Information Solutions, Inc.*, 3:08-cv-1865 (N.D.

Ala. Dec. 11, 2009) (unpublished opinion).  "The Fair Credit Reporting Act requires

a consumer reporting agency to provide a free reinvestigation of a consumer's file if

'the completeness or accuracy of any item of information contained in a consumer's

file . . . is disputed by the consumer.'" *Nunnally v. Equifax Info. Servs., LLC*, 451

F.3d 768, 771 (11th Cir.2006) *citing* 15 U.S.C. § 1681i(a)(1)(A). "After a

reinvestigation, the consumer reporting agency 'shall provide written notice to a

consumer of the results of a reinvestigation.'" *Id.* at 771 *citing* §1681i(a)(6)(A). "As

part of, or in addition to, the notice . . ., a consumer reporting agency **shall provide**

. . . **a consumer report** that is based upon the **consumer's file** as that file is revised

as a result of the reinvestigation ...." *Id.* at 772 *citing* §1681i(a)(6)(B) [emphasis

added].

---

[5]*See* Doc. 53-4, (Collins Depo Tr.) at pp. 30–33; *see also* Doc. 53-3, (Credit Report, June 6, 2010), p. 5; Doc 53-10, (Report of September 9, 2010); Doc 53-15, (Credit Report of November 23, 2010), p. 5.; Doc 53-16, (Report of February 28, 2011).

"The Eleventh Circuit has held that a section 1681i(a) claim 'is properly raised when a particular credit report contains a factual deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry.'"*Myers v. Experian Information Solutions, Inc.*, cv-08-S-1865-NW, at 13, N.D. Ala. (Dec. 11, 2009) *quoting Cahlin v. General Motors Acceptance Corp*., 936 F.2d 1151, 1160 (11th Cir. 1991). "In fact, **§1681i(a) explicitly extends coverage to inaccuracies extant within 'a consumer's file at a consumer reporting agency**.' *Id.* at 14 *citing* 15 U.S.C. § 1681i(a)(1)(A) (emphasis added). Experian's assertions that one can only maintain a 1681i claim if a report is issued to a third party is simply wrong. Experian prepared numerous reports that were inaccurate as shown by its own records[6].

"To state a claim under §1681i(a), plaintiffs must establish that: (1) **their credit files contained inaccurate** or incomplete information; (2) they notified defendants directly of the inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) defendants failed to respond to the dispute; and (5) defendants' failure to reinvestigate caused plaintiffs to suffer actual damages." *Bradshaw v. BAC Home Loans Servicing, LP,* 816 F.Supp.2d 1066, 1073 (9th Cir. 2011)(internal cites omitted). Because §1681i does not require third-party publication, Mr. Collins was not required

---

*See* Doc. 53-3, (Credit Report, June 6, 2010), p. 5; Doc 53-10, (Report of September 9, 2010); Doc 53-15, (Credit Report of November 23, 2010), p. 5.; Doc 53-16, (Report of February 28, 2011), p. 7.

to submit evidence showing that his credit report was published to third parties. *Myers v. Experian Information Solutions, Inc.*, 3:08-cv-1865 (N.D. Ala. Dec. 11, 2009). Even if such a requirement existed, however, Mr. Collins testified that he received a letter from GEICO insurance indicating that his insurance rates had increased as a result of his credit report[7]. Based on this testimony, a reasonable jury could conclude that Mr. Collins sustained damages as a result of Experian's § 1681i violation.

Moreover, Mr. Collins has conclusively established that his Experian credit report contained an inaccuracy within his *file at a consumer reporting agency* that was not properly investigated. This Honorable Court agreed there is a question of fact whether Experian performed a reasonable investigation of the inaccuracies disputed by Mr. Collins.

C. *Cahlin* Does Not Require Third-party Publication for 1681i claims

*Cahlin* does not impart a third-party publication requirement onto 1681i claims. The lack of third party publication was not the reason the Eleventh Circuit held against the plaintiff in *Cahlin*. In *Cahlin*, the Eleventh Circuit noted at the beginning of its opinion, and restated throughout the opinion, the CRAs were not liable because the "undisputed facts revealed that [the CRAs] had **accurately** reported information

---

[7]*See* Doc. 53-4, (Collins Depo Tr.) at pp. 30–33; *see also* Doc. 53-3, (Credit Report, June 6, 2010), p. 5; Doc 53-10, (Report of September 9, 2010); Doc 53-15, (Credit Report of November 23, 2010), p. 5.; Doc 53-16, (Report of February 28, 2011).

concerning Cahlin's credit record." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151,1154 (11th Cir. 1991) [emphasis supplied].

Thus, the focus of the Court in *Cahlin* was not on third-party publication with respect to the plaintiff's 1681i claims. Indeed, the undisputed facts in *Cahlin* show there was third party publication. *Id*. at 1156. Rather, the focus of the Court in *Cahlin* was the fact the credit reports were **not inaccurate**. *Id.* at 1154, 1160. In finding for the defendant CRAs, the Court stated, "We need not reach the substance of Cahlin's FCRA claims... because we find that he has utterly failed to produce any evidence tending to show that he was damaged as the result of an **inaccurate** [] credit report." *Id.* at 1160. [emphasis added].

In the instant matter, the facts show Experian did prepare inaccurate credit reports that caused Mr. Collins[8] to suffer actual damages. The evidence plainly shows Collins' file at Experian contained inaccuracies which Experian failed to investigate. Whether or not these reports were viewed by third parties is immaterial to his 1681i claims. Indeed, Section1681i by its plain language relates to "the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency." 15 U.S.C. §1681i(a)(1)(A). It is well established in the instant matter Experian's files contained inaccurate information relating to Mr.

---

[8]See Doc. 53-3, (Credit Report, June 6, 2010), p. 5; Doc 53-10, (Report of September 9, 2010); Doc 53-15, (Credit Report of November 23, 2010), p. 5.; Doc 53-16, (Report of February 28, 2011), p. 7.

Collins' credit history. This Court held genuine issues of material fact exist regarding Experian's violation of § 1681(i). (Mem. Op. & Order, Dkt. 60, at 11.) This Court should amend its holding to clarify that third-party publication is not an essential element of a § 1681(i) claim, and to acknowledge evidence in the record shows that Mr. Collins sustained actual damages.

II. Plaintiff Has Stated a Viable Negligent Consumer Disclosure Claim Under §1681i(a)(6)(A)

Plaintiff explained in his response to Experian's Motion for Summary Judgment he was not spending a lot of time arguing the class claim since the Court had determined it would rule on individual claims prior to addressing the class claim regarding Experian's failure to respond in accordance with §1681i(a)(6)(A). Although Plaintiff provided a limited argument on the class claim stating Experian was not due summary judgment because the issue was not yet ripe, however, Plaintiff did provide the facts surrounding this claim.

Based on the facts and limited argument provided, the Court also found a genuine issue of material fact whether Experian complied with §1681i(a)(6)(A) and (B)(i)-(ii). However, the Court held that third party publication was also necessary for damages for these claims. Plaintiff respectfully reiterates his argument, *supra*, that claims under §1681i do not require third party publication. Rather, claims under §1681i concern *information contained in a consumer's file at a consumer reporting*

*agency. See* §1681i(a)(1)(A).  Such claims do not require third party publication.  *See*

*Myers v. Experian Information Solutions, Inc.*,  cv-08-S-1865-NW, at 14, N.D. Ala.

(Dec. 11, 2009).  As a result, Experian was not due to be granted summary judgment

as to Collins' consumer disclosure claims, both individual and class claims, and these

claims are due to heard by the trier of fact.

III.     Whether Experian's Conduct was Willful and Wanton is a Jury Question

_____The Court should also amend its judgment to permit Mr. Collins's willful,

reckless, and malicious violation claims to proceed, both federal and state claims.

The Eleventh Circuit has held a violation is "willful" for the purposes of the FCRA

if the defendant violates the terms of the Act with knowledge or reckless disregard

for the law.  *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir.

2009).  Recklessness is measured by "an objective standard: action entailing an

unjustifiably high risk of harm that is either known or so obvious that it should be

known."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007) (emphasis added).

As used in the FCRA, "'willfully' entails a 'conscious disregard' of the law, which

means 'either knowing that policy [or action] to be in contravention of the rights

possessed by consumers pursuant to the FCRA or in reckless disregard of whether the

policy [or action] contravened those rights.'"  *Reynolds v. Hartford Fin. Servs. Grp.,*

*Inc.*, 435 F.3d 1081, 1098 (9th Cir.2006) (quoting *Cushman v. Trans Union Corp.,*

115 F.3d 220, 227 (3d Cir.1997)).

In the instant matter, Experian testified that it does no more than contact the source of the information when performing a reinvestigation—even when the customer indicates that Experian's source is reporting information incorrectly. *See* Pl. Exhibit 8, (Hughes Depo Tr.) 18:4-18:25; 37:1-37-7; 18:4-18:25. Experian's policy is to ignore the contents of the letter and simply send an ACDV to the source, its client, and then parrot that back to the consumer. *Id.* Experian will no more than this when conducting a reinvestigation unless the consumer provides extra documents along with the dispute letter it calls, "proof documents." *Id.* This policy violates the FCRA.

Experian is not concerned that the FCRA requires no more than a dispute letter to inform it of the problem of inaccuracies in the consumer's file. *Id.* In fact, Kimberly Hughes, Experian's compliance and litigation analyst, testified that Experian follows its own policy for reinvestigating consumer disputes without regard to whether its internal policies are in conflict with the FCRA; specifically, Experian requires more than a consumer disputing information in his file than does the FCRA. *See* Pl. Exhibit 8, (Hughes Depo Tr.) 37:1-37-7; 18:4-18:25. These statements, along with the actions taken in this matter, show that Experian's policies are contrary to the FCRA and that Experian's continued violations are willful.

-10-

Mr. Collins provided evidence from which a reasonable jury could conclude that Experian's conduct was wanton and willful.  Genuine issues of material facts exist on these claims, both state and federal.  The Court should therefore vacate its order granting summary judgment to Experian, and permit Mr. Collins's federal and state law claims to go forward.

IV.    <u>Mr. Collins Should Be Given an Opportunity to File His Surreply Opposing Experian's Motion for Summary Judgment</u>

Finally, Mr. Collins should be given an opportunity to file his surreply.  On August 25, 2012 Mr. Collins filed a Motion for Leave to File Surreply (Doc. 55) in order to respond to issues raised in Experian's Reply in Support of its Motion for Summary Judgment.  On September 16, 2013, this Court's entered a Memorandum Opinion and Order granting Mr. Collin's motion for leave to file a surreply.  (Mem. Op. & Order, Doc. 60, at 2.)  In the same Order in which it granted Mr. Collins leave to file his surreply, the Court granted Experian's motion for summary judgment.  (*Id*. at 29.)  As a result, Mr. Collins has not had an opportunity to file the surreply opposing Experian's motion. Mr. Collins therefore respectfully requests that the Court amend its judgment so that he may file his surreply.

_____Respectfully submitted this  _11th_  day _ October _ , 2013.


_____
_____        s/ David L. Selby II_____
_____Attorney for Plaintiff

David L. Selby II   _____

_____

OF COUNSEL:
BAILEY & GLASSER, LLP
One Chase Corporate Dr Ste 400
Birmingham , AL 35244-7001
Telephone: (205) 313-6490
Email: dselby@baileyglasser.com

_____   s/ Wesley L. Phillips _____
_____Attorney for Plaintiff
Wesley L. Phillips _____

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@phillipslaw.com

_____
_____
_____

## CERTIFICATE OF SERVICE

Thisis to certify that on this _11th_ day of __October__, 2013, a copy of the foregoing document has been served upon counsel for all parties electronically via CM/ECF:

L. Jackson Young
FERGUSON FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

Gregory Hanthorn
JONES DAY
1420 Peachtree Street,
N.E. Suite 800
Atlanta, Georgia 30309

Sean H. McCarthy
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002

<u>  s/Wesley L. Phillips          </u>
OF COUNSEL