IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CURTIS J. COLLINS,**<br><br>    Plaintiff,<br><br>    v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>    Defendant. | **Civil Action Number<br>2:11-cv-0938-AKK** |

## MEMORDANDUM OPINION AND ORDER

The Eleventh Circuit remanded this case with instructions for the court to determine if Plaintiff Curtis J. Collins "has presented sufficient evidence of actual damages to create a jury question." *See* doc. 72 (*Collins v. Experian Info. Solutions, Inc.*, 775 F.3d 1330, 1336 (11th Cir. 2015) ("*Collins I*")). The parties agree that the only remaining issue in this case is whether Collins' emotional distress constitutes actual damages. Docs. 73 at 3, 81 at 2.

Defendant Experian Information Solutions, Inc. ("Experian) has moved for summary judgment and its motion, as well as Collins' motion for leave to file a sur-reply, is fully briefed, docs. 73, 81, 82, 83, 84, and ripe for review. In a nutshell, Experian contends that a recent Eleventh Circuit decision, *Lodge v.*

*Kondaur Capital Corp.*, 750 F.3d 1263 (11th Cir. 2014), sets a controlling requirement for emotional distress that Collins fails to meet. Based on the court's review of the law and the facts in this case, the court disagrees and finds Collins has presented sufficient evidence to create a jury question. Accordingly, Experian's motion for summary judgment is due to be **DENIED**. Consequently, Collins' motion for leave to file a sur-reply, doc. 83, is **MOOT**.

This matter is set for a pretrial conference on Friday, October 16, 2015 at 9:00 a.m. The court directs the parties' attention to the attached pretrial conference instructions. This matter is set for trial on Tuesday, December 1, 2015 at 9:00 a.m. at the Hugo L. Black Courthouse in Birmingham, Alabama.

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Rule 56[ ] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden

then shifts to the non-moving party, who is required to go "beyond the pleadings" to establish that there is a "genuine issue for trial." *Id.* at 324 (internal citations and quotation marks omitted). A dispute about material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 244 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual dispute will be resolved in the non-moving party's favor when sufficient competent evidence supports that party's version of the disputed facts. *See Pace v. Capobianco*, 238 F.3d 1275, 1276, 1278 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that a jury could

reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

The following facts reflect an assessment of the record in the light most favorable to Collins. In April 2010, Equable Ascent Financial, LLC ("Equable") sued Collins in the Small Claims Court of Jefferson County, Alabama, to collect a debt Collins owed to GE Capital. Doc. 49-3 at 3. After a trial, the court ruled in Collins' favor. *Id.* at 8. However, Equable continued reporting the debt to Experian despite this ruling. *See* doc. 53-3 at 5. Consequently, in July, 2010, Collins wrote to Experian asking it to remove the Equable debt from his credit file:

> I don't owe any money to Equable Ascent Financial for account [ ] # XXX1237. This account is wrong. Delete it immediately. Equable Ascent sued me for this debt in the small claims court of Jefferson County, Alabama, case # SM-10-2973, in my answer to the lawsuit I denied I owed any money on the account, judgment was entered for defendant, you can call the court for more information at 205-325-XXXX or the attorneys for Equable Ascent at 205-250-XXXX.

Doc. 49-5 at 2. Based in part on a zip code discrepancy on the envelope, Experian questioned the authenticity of the letter and sent a letter to Collins' home notifying him of a suspicious request regarding his credit file. Docs. 49-4 at 8–9, 49-6 at 2. The letter advised Collins:

> If you believe that information in your personal credit report is inaccurate or incomplete please [call, visit our website, or write]. Be sure to include all of the following: your full name, including middle initial . . . ; Social Security

> number; current mailing address; date of birth; and previous addresses for the past two years.
>
> Include the account name and number for any item on your credit report that you wish to dispute, and state the specific reason why you feel the information is inaccurate. We will ask the data furnisher to review their records to verify the information. An investigation may take up to 30 days . . . . Once we receive the results of the investigation, we will promptly notify you of the outcome.

Doc. 49-6 at 2. Collins consequently responded:

> I don't owe any money to Equable Ascent Financial for account [ ] # XXX1237. This account is wrong. Delete it immediately. Equable Ascent sued me for this debt in Jefferson county Alabama and I won. My case number is SM-10-2973. Please delete and send me an updated credit report.

Doc. 49 at 2. Collins' response also included his date of birth, social security number, and copies of his driver's license and social security card. *Id.* at 2–3.

After receiving Collins' letter, Experian sent an Automated Consumer Dispute Verification (ACDV) form to Equable. Docs. 49-4 at 24, 49-8 at 2. Equable wrongly responded that the debt was still valid. Doc. 49-4 at 24. As a result, Experian sent a summary of its investigation report to Collins on September 9, 2010, stating it had "reviewed," i.e. "modified or deleted," the account, and provided instructions for obtaining a copy of the corrected credit report online or by mail. Doc. 49-9 at 2. On November 23, 2010, Collins accessed his credit report through the Experian website and learned that it still contained the disputed debt. Docs. 49-2 at 8, 49-10 at 17, 53-5 at 54–55, 57. Experian removed the Equable account from Collins' credit report on March 10, 2011. Doc. 53-5 at 58.

On February 5, 2011, Collins sued Experian in state court, alleging various state laws claims, and "willful, malicious, reckless, and negligent failure to conduct a reasonable investigation and provide a proper consumer disclosure" in violation of § 1681i of the Fair Credit Reporting Act (the "FCRA"), and a class claim for "failure to provide a proper consumer disclosure under the FCRA." *See* docs. 1 at 11, 29 at 9–18. Experian removed the case to this court, doc. 1 at 4, and subsequently moved for summary judgment, doc. 49. The court held that, while Experian's alleged negligence presented a factual issue, Collins' negligence claims ultimately failed because they were "confined purely to emotional distress damages," which, in the absence of Experian disclosing the erroneous credit information to a third party, could not constitute actual damages for which the court could provide a remedy. Doc. 60 at 10–11, 20–21. The court also held that Collins failed to establish willful violation of the FCRA. *Id.* at 25–26.

Collins appealed. *See* doc. 68. The main issue on appeal centered on whether emotional distress could constitute actual harm for Collins' negligence claims. *Collins I*, 775 F.3d at 1331. The Eleventh Circuit affirmed this court's ruling on Collins' willfulness claims, but reversed with respect to his negligence claims. *Id.* at 1336. It held that the statutory language of § 1681i, which addresses inaccuracies in a consumer's "file," as opposed to those in a "consumer report," did not require "that the disputed information be published to a third party in order

for a consumer to recover actual damages under § 1681i(a)." *Id.* On remand, the Eleventh Circuit instructed this court to "analyze whether Collins' evidence of emotional distress was sufficient to establish actual damages." *Id.*

### III. ANALYSIS

The FCRA creates civil liability for both willful and negligent noncompliance. *Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118, 1123 (11th Cir. 2006). Relevant here, § 1681o, the FCRA's provision governing negligent noncompliance, allows plaintiffs to recover for "any actual damages sustained by the consumer as a result of [negligent noncompliance]." 15 U.S.C.A. § 1681o. It does not provide recovery for statutory damages or punitive damages. *Levine*, 437 F.3d at 1123 (citing 15 U.S.C.A. § 1681o(a)).

As stated previously, the sole inquiry before the court is whether Collins has put forward sufficient evidence of emotional injuries that could allow a reasonable jury to find in his favor on his FCRA negligence claim. In support of its motion, Experian contends that the Eleventh Circuit determined the proper standard for evaluating the sufficiency of evidence of emotional distress in *Lodge v. Kondaur Capital Corp*. The court finds this assertion unpersuasive. First, *Lodge* consistently specified that the standard it announces applies to claims brought for violation of the automatic stay instituted by filing for bankruptcy under 11 U.S.C.A. § 362(k). 750 F.3d at 1268 (emphasis added) ("The issue[ ] here [is] . . . the evidentiary

requirements for an emotional distress claim *under § 362(k)*."); *see also id.* at 1271("We thus hold, at a minimum, to recover "actual" damages for emotional distress *under § 362(k)*, a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the *violation of the automatic stay*."); *id.* at 1267 ("Because the Lodges failed to show an emotional injury sufficient to support a recovery of actual damages *under § 362(k)*, the district court did not err . . . ."). In reaching this holding, the *Lodge* court considered cases from four other circuits, all of which considered the possibility of emotional damages resulting solely from a violation of the automatic stay. *See id.* at 1269–71 (citing *In re Repine*, 536 F.3d 512 (5th Cir. 2008); *In re Dawson*, 390 F.3d 1139 (9th Cir. 2004); *Aiello v. Providian Fin. Corp.*, 239 F.3d 876 (7th Cir. 2001); *Fleet Mortg. Group, Inc. v. Kaleb*, 196 F.3d 265 (1st Cir. 1999)). No subsequent case, within this circuit or without, has applied the *Lodge* standard to any claims save those brought under the bankruptcy statute.

Second, the difference between the statutory purposes of 11 U.S.C.A. § 362 and the FCRA weigh against applying the *Lodge* standard to FCRA claims. "The . . . FCRA . . . was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible

manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (alterations in original) (internal citations omitted). The FCRA is a remedial statute, and any interpretation of it must reflect the "consumer oriented objectives" of addressing "the inability at times of the consumer to know he is being damaged by an adverse credit report, the lack of access to the information in [his] file, the difficulty in correcting inaccurate information, and getting [his] version of a legitimate dispute recorded in . . . [his] credit file." *Id.* (alterations in original) (internal citations and quotation marks omitted). On the other hand, the purpose of 11 U.S.C.A. § 362 is "to give a debtor a short respite from creditor's demands, during which the debtor will have the opportunity to develop and implement plans to right his financial affairs." *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002) (internal citations and quotation marks omitted). The FCRA allows consumers to seek remedies for damages they suffer as a result of inadequate credit reporting practices, while § 362 creates a temporary period of relief so that a bankrupt debtor will eventually be able to pay his debts. The differences in the protections afforded by each statute, as well as in their temporal scope, recommend against treating the two as substantially identical.

  Perhaps in an attempt to sidestep these obstacles, Experian contends that remarks made by the panel during oral argument in *Collins I* support its contention that *Lodge* should govern this case. Doc. 82 at 11–12. This contention misses the

mark because statements made during oral argument that are not part of the holding have no precedential authority.[1] Rather, the binding holding of a case consists of the court's decision, as well as "those portions of the opinion necessary to that result . . . ." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1997). Consequently, because *Collins I* is silent regarding the evidentiary standard the court should apply and makes no reference to *Lodge*, and because the court's independent research has revealed no cases that stand for the proposition that it should consider a judge's questions during oral argument to be precedential or even persuasive authority, the court declines to extend such binding weight to these judicial musings when they are at odds with the case's actual holding. *See Collins I*, 775 F.3d at 1335–36.

---

[1] Experian quotes the panel stating

> My concern is that you have to show actual damages, and your damages you're claiming are emotional distress, and I read the *Lodge* case, which has been cited in the briefs, a published case in this circuit, and the distress here seemed greater than here and the court, the Eleventh Circuit, held that's not adequate. It was too conclusory, too vague. Tell me, even if we agree with you on the third party disclosure, how would you be able to surmount the failure to show sufficient actual damages?

and

> There can't be one definition [for] emotional distress if the stay provisions of the bankruptcy code have been violated and a different one when a credit agency doesn't properly handle the information it's supposed to have on file. Why would there be a different standard? It's really the same sort of thing, and as I said before, arguably, getting a notice that your house is about to be foreclosed on is a whole lot more distressing than learning that your file has one incomplete entry, one inaccurate entry, in it.

Doc 82-1 at 2:38–3:09, 33:03–33.

Turning to the facts of this case, the court finds that Collins has presented sufficient evidence to create a question of material fact as to whether his emotional distress constitutes actual damages. Specifically, Collins testified that Experian's alleged negligent conduct caused him to suffer stress manifesting as "loss of sleep, strain on familial relations," "having headaches, not being able to eat, [and] working hard to keep things off my mind." Doc. 81-1 at 2. Significantly, his wife corroborated this account, testifying that Collins underwent a "change in his overall well-being" that resulted in him "becom[ing] quieter, a little short-tempered, [and] not sleeping well," and also suffered from increased blood pressure as a result of Experian's alleged conduct. Doc. 81-2 at 3. Finally, Collins daughter also testified as to the changes in Collins' personality caused by stress, though she was uncertain of the cause. Doc. 81-3 at 4–5. This evidence is sufficient to create a jury question even under the stringent standard adopted by some courts that requires a plaintiff to present more than just his own testimony as evidence of emotional distress. *See Abdo v. Sallie Mae, Inc.*, No. 3:11-CV-111-J-32-JRK, 2014 WL 3053172 at *2 (M.D. Fla. 2014); *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1267 (S.D. Fla. 2009). Consequently, the court finds that there is a genuine issue of material fact as to whether Collins has suffered actual damages, and summary judgment is inappropriate.

## IV. CONCLUSION AND ORDER

Based on the foregoing, Experian's motion for summary judgment is **DENIED**. Consequently, Collins' motion for leave to file a sur-reply is **MOOT**.

**DONE** the 23rd day of July, 2015.

                                                                  _____
                                                                  **ABDUL K. KALLON**
                                                                  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

PRE-TRIAL DOCKET
HON. ABDUL K. KALLON, PRESIDING

**BIRMINGHAM, ALABAMA**

This case is set for a pre-trial hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure. A conference-type hearing will be held in chambers in the Hugo Black Federal Courthouse in Birmingham, Alabama at the time indicated.

The hearing will address all matters provided in Rule 16, including the limitation of issues requiring trial, rulings on pleading motions, and settlement possibilities.

Counsel attending the conference are expected to be well-informed about the factual and legal issues of the case, and to have authority to enter appropriate stipulations and participate in settlement discussions. <u>Counsel appearing at the conference will be required to proceed at trial notwithstanding the naming of others as designated trial counsel</u>.

Promptly upon receipt of this notice, plaintiff's counsel is to initiate discussions with other counsel aimed at ascertaining which basic facts are not in dispute, at clarifying the parties' contentions (for example, just what is denied under a "general denial") and at negotiating workable procedures and deadlines for remaining discovery matters. <u>At least four (4) business days in advance of the conference, plaintiff's counsel is to submit to chambers (via email at kallon_chambers@alnd.uscourts.gov)a proposed Pre-trial Order in WordPerfect format</u>, furnishing other counsel with a copy. It is anticipated that in most cases the proposed order, with only minor insertions and changes, could be adopted by the court and signed at the close of the hearing.

A sample of a proposed Pre-trial Order is available on the Chamber web site (www.alnd.uscourts.gov/Kallon/Kallonpage.htm) to illustrate the format preferred

by the court and also to provide additional guidance and instructions.  Each order must, of course, be tailored to fit the circumstances of the individual case.

Counsel drafting this proposed order should consider the utility this document will provide for the litigants, the jury, and the court alike.  The court anticipates using the pretrial order to (1) identify and narrow the legal and factual issues remaining for trial, and (2) provide jurors with the legal and factual context of the dispute.  This order should **not** revisit at length arguments made in previous filings with the court, nor should it serve as another venue for adversarial posturing.  Pretrial orders should be simple, short, and informative.

IN ANY CASE WHERE COUNSEL HAVE ANNOUNCED SETTLEMENT TO THE COURT, A CONSENT JUDGMENT IN SATISFACTORY FORM <u>MUST</u> BE PRESENTED TO THE COURT  <u>PRIOR</u> TO THE SCHEDULED TRIAL DATE; OTHERWISE, THE CASE WILL BE DISMISSED <u>WITH</u> PREJUDICE.